UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:   Brook L Cetnarowski
Richard A. Cetnarowski, Jr.

Chapter 13

Case No.: 1:25-bk-10849

# REQUEST TO AMEND UNCONFIRMED CHAPTER 13 PLAN

1. This request to amend an unconfirmed Chapter 13 Plan supersedes all prior requests to amend the Plan and includes all proposed amendments. Terms not fully stated here or in the original Plan are not part of the Plan.

2. Service: A certificate of service must be filed with this request for plan amendment, together with the amended Western Wisconsin Local Form 3015-1.1.

3. Designate one of the following:

   ☒ A copy of this proposed modification has been served on the parties (the debtor, the trustee, the United States Trustee and all creditors) as required by Fed. R. Bank. P. 3015(g); or

   ☐ A motion requesting limited service is being filed simultaneously with the Court.

4. I request the following amendment of the Chapter 13 Plan filed with the Court:
   A. Plan is amended to have Debtors current.

All remaining terms of the original Chapter 13 plan are unaffected. In the event of a conflict between the terms of the original Plan and the terms of this amendment, the terms of this amendment will control.

WHEREFORE, each Debtor requests the Court approve this proposed amendment to the original Chapter 13 Plan.

**UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WISCONSIN**

**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

- ☐ Original Plan
- ☒ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)
- ☐ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

Debtor: **Brook L Cetnarowski**    SSN: xxx-xx- xxx-xx-4021    Case Number: 1:25-bk-10849

Joint Debtor: **Richard A. Cetnarowski, Jr.**    SSN: xxx-xx- xxx-xx-2145

## I. Notices

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans, and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk.

**To Creditors:** Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified, or eliminated. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation within 28 days after the completion of the Section 341 meeting of creditors. Additional objection deadlines may apply as set forth in Section IIIC below. The court may confirm this plan without further notice if no objection to confirmation is filed.

**To All Parties:** This form plan may not be altered other than in the nonstandard provisions in Section VII. The plan contains no nonstandard provisions other than those set out in Section VII.

Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no boxes are checked, the provision will be ineffective even if otherwise provided for in the plan.

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ☒ Not included |
| Nonstandard provisions, set out in Section VII | ☐ Included | ☒ Not included |

**Unless otherwise provided for in this plan, the trustee shall disburse payments in the following order after trustee fees: equal monthly payments to secured creditors, administrative expenses including attorney fees, secured claims paid pro rata, priority claims, general unsecured claims.**

## II. Plan Payments, Length of Plan, and Debtor(s)' Attorney's Fee

**A.    Monthly Plan Payment:** This plan pays for the benefit of the creditors the amounts listed below, including trustee's fees beginning 30 days from the filing/conversion date. Debtor(s) will make payments by employer wage order unless otherwise requested. The payments must be made for the Applicable Commitment Period, either 36 or 60 months, or for a shorter period that is sufficient to pay allowed nonpriority unsecured claims in full.

1. Through July, 2025 Debtors shall pay $733.86; then
2. $545.00 per month for 57 months.

The total amount of estimated payments to the trustee: $31,798.86

**B.    Debtor(s)' Attorney's Fee:**    ☐ None ☐ Pro Bono

Unless otherwise ordered, allowed administrative expenses for attorney's fees will be paid by the trustee.

| Total Fees: $4,500.00 | Total Paid: $367.00 | Balance Due: $4,133.00 |
|---|---|---|
| Payable _____ /month (Months _____ _____ ) | | |

## III. Treatment of Secured Claims

Case 1-25-10849-cjf    Doc 42    Filed 07/15/25    Entered 07/15/25 18:18:58    Desc Main
Document      Page 3 of 5

Debtor(s): Brook L Cetnarowski    Case number: 1:25-bk-10849
Richard A. Cetnarowski, Jr.

If a secured claim is not provided for in Section III, then the trustee will not disburse any funds to the holder of the claim.

If a claim listed in the plan as secured is filed or otherwise allowed as fully unsecured, the trustee will pay the claim as an unsecured claim as provided in Section V, and the claim will not be paid as a secured claim under Section III.

If a secured creditor obtains relief from the automatic stay as to collateral listed in Section III, the trustee will cease further payments to that creditor and, as of the date of entry of the order granting stay relief, the plan will be deemed not to provide for that creditor's secured claims beyond payments actually made to the creditor as of that date.

Payment of Notices filed under Rule 3002.1(c): The trustee will pay post-petition notices of fees, expenses, and charges filed pursuant to Bankruptcy Rule 3002.1(c) ("3002.1(c) Notice") pro rata when the trustee pays other secured creditors, unless the debtor timely objects to the 3002.1(c) Notice. A modified plan may be required to maintain feasibility.   If the debtor timely objects, the trustee will pay the amount as determined by the court. The trustee will not pay 3002.1(c) Notice amounts if the plan provides for avoidance of the creditor's lien or the surrender of all property securing the creditor's claim.

A. **Payment in Full:** With the exception of tax claims of governmental units, the claims listed below will be paid in full, with the interest rate stated below. If the plan does not state an interest rate, the proof of claim controls the rate of interest. If no interest rate is listed in the plan or the proof of claim, the plan pays the claim without interest. For tax claims of governmental units, the debtor must state the rate required by 11 U.S.C. § 511 to permit the parties to calculate feasibility.

**The allowed claim amount stated on a proof of claim controls over any contrary claim amount listed in this section, whether the allowed claim amount is higher or lower (applies to Section IIIA only).**

The holder of any allowed secured claim listed in this section will retain its lien as provided in 11 U.S.C. § 1325(a)(5)(B)(i).

---

1  Creditor: Titlemax of Wisconsin
   Address: 2220 Grand Avenue; Wausau, WI 54403
   Account Number:
   Interest Rate: 8.00%
   Arrearage on Petition Date: 0.00
   Payoff on Petition Date: 3,004.22
   Regular Payment (Maintain): Pro-rata

   Disburse adequate protection pre-Confirmation $ 0.00
   Other:

   ☐ Real Property
      ☐ Principal Residence
      ☐ Other Real Property
   Check one below for Real Property:
      ☐ Escrow is included in the regular payments
      ☐ The debtor(s) will pay  ☐ taxes  ☐ insurance directly
   Address of Collateral:

   ☒ Personal Property/Vehicle
   Description of Collateral: 2009 Dodge Journey 200000 miles Based on NADA

---

B. **Maintenance of Payments and Cure of Default:** The debtor(s) will maintain payments during the case on the allowed secured claims listed below pursuant to 11 U.S.C. § 1322(b)(5).

The trustee will pay the arrearage listed on any allowed proof of claim filed before the deadline under Bankruptcy Rule 3002(c) or 3004.   If the interest rate is left blank, the trustee will not pay interest on the arrearage.   The installment payments will be paid as indicated below.

Any arrearage and the current monthly installment listed on a proof of claim (or a notice filed pursuant to Bankruptcy Rule 3002.1) control over any contrary amounts stated below.

Case 1-25-10849-cjf    Doc 42    Filed 07/15/25    Entered 07/15/25 18:18:58    Desc Main
Document      Page 4 of 5

Debtor(s): Brook L Cetnarowski    Case number: 1:25-bk-10849
Richard A. Cetnarowski, Jr.

**1  Creditor:** 21st Mortgage Corporation
Address: 620 Market Street, One Center Square
; Knoxville, TN 37902

Account Number:
Interest Rate: 0.00%

Arrearage on Petition Date: 15,355.64
Payoff on Petition Date: 67,960.42
Regular Payment (Direct): 635.75 /month (Months 1 to 60)

Disburse adequate protection pre-Confirmation $ 0.00
Arrears Payment (Cure): Prorata /month

Other:

☒ Real Property
  ☐ Principal Residence
  ☐ Other Real Property

Check one below for Real Property:
  ☐ Escrow is included in the regular payments
  ☐ The debtor(s) will pay  ☐ taxes  ☐ insurance directly

Address of Collateral: 6300 Birch StreetLot 12, Weston, WI 54476 Marathon County 2022 Skyline

☐ Personal Property/Vehicle
Description of Collateral:

**C.  Valuation of Collateral:** ☒ NONE

**D.  LIEN AVOIDANCE** ☒ NONE

**E.  SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.
☒ NONE

## IV. Treatment of Fees and Priority Claims (as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4))

Trustee's fees are governed by statute, may change during the course of the case, and should not be specified herein.

All allowed priority claims will be paid in full without post-petition interest unless the plan otherwise provides.

The priority debt amount listed on a filed proof of claim controls over any contrary amount listed in this section, unless the court determines that a different amount of the allowed claim is entitled to priority.

**A.  PRIORITY TAX CLAIMS:** ☐ NONE

Name of Creditor: Internal Revenue Service
Total Due: $0.00
Pro rata dividends will be calculated by the Trustee upon review of filed claims after the bar date.

Name of Creditor: Wisconsin Department of Revenue
Total Due: $0.00
Pro rata dividends will be calculated by the Trustee upon review of filed claims after the bar date.

**B.  DOMESTIC SUPPORT OBLIGATION(S):** ☒ NONE  ☐ CURRENT AND PAID OUTSIDE

**C.  OTHER:** ☒ NONE

Debtor(s): Brook L Cetnarowski  
Richard A. Cetnarowski, Jr.  
Case number: 1:25-bk-10849

## V. Treatment of Unsecured Nonpriority Creditors

**A.** Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata from any remaining funds after paying other disbursements made in accordance with the plan until either the applicable commitment period is reached or nonpriority unsecured claims are paid in full, whichever comes first.

Pro rata dividends will be calculated by the Trustee upon review of filed claims after the bar date.

**B.** ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

**C. SEPARATELY CLASSIFIED:** ☒ NONE

## VI. EXECUTORY CONTRACTS AND UNEXPIRED LEASES: Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

☐ NONE

☒ Unless provided for under a separate section, the debtor(s) request that upon confirmation of this plan, the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors/lessors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Collateral | Acct. No. | Assume/Reject |
|---|---|---|---|---|
| 2.. | Endeavor Communities | Mobile Home Lot Rent | | ☒ Assume ☐ Reject |

## VII. Non-Standard Plan Provisions

☒ NONE

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

/s/ Mark A. Gauthier  
Mark A. Gauthier 1077664  
Attorney with permission to sign on Debtor(s)' behalf

July 15, 2025  
Date

**By filing this document, the Attorney for Debtor(s) [or Debtor(s) if not represented by counsel] certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VII.**